# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| JILL E. WATERS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CAUSE NO. 1:10-CV-190** |
| | ) | |
| TRINE UNIVERSITY, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Before the Court is a stipulation by the parties seeking approval of a proposed protective order pursuant to Federal Rule of Civil Procedure 26(c). (Docket # 30.) As the proposed order is overly broad and deficient in several other ways, it will be DENIED.

The proposed order seeks to protect Defendant "Tom Beckner's employee file from Trine University, including any complaints, reports, or accusations made by students or staff against Beckner, any disciplinary actions, reprimands, counseling, or warnings, and any investigations, findings, conclusions, e-mails, communications, letters, or recordings made, sent, or received by anyone concerning Beckner, Plaintiff, or other females or any complaints they made about Beckner." (Proposed Protective Order ¶ 13.)

Of course, a protective order must extend only to "properly demarcated categor[ies] of legitimately confidential information." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999) (noting that a broad protective order granting carte blanche discretion to a party is invalid); *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective

order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998).

With respect to employees, "not all information in an employee's personnel file is considered private." *Little v. Mitsubishi Motor Mfg. of Am., Inc.*, No. 04-1034, 2006 WL 1554317, at \*4 (C.D. Ill. June 5, 2006). "Indeed, there is nothing confidential about an employee's job title, job description, hiring date, or work assignment and location." *Id.*; *see also Smith v. City of Chicago*, No. 04 C 2710, 2005 WL 3215572, at \*2 (N.D. Ill. 2005).

And here, the proposed order seeks to seal *a party's* personnel records, rather than a non-party. *See, e.g.*, *Plair v. E.J. Brach & Sons, Inc*., No. 94 C 244, 1996 WL 67975, at \*5 (N.D. Ill. Feb. 15, 1996) (sealing non-party employees' disciplinary records but not plaintiff's disciplinary records). Sealing all complaints, reports, accusations, disciplinary actions, reprimands, counseling, warnings, investigations, emails, communications, letters, or recordings made, sent or received is overbroad, and the parties fail to explain how there is good cause to seal such an expansive category of documents. *See* Fed. R. Civ. P. 26(c)(7); *Citizens Insurance,* 178 F.3d at 946.

That is, the parties have not articulated why the disclosure of such information "will work a clearly defined and serious injury." *Ezell v. Potter*, No. 2:01 CV 637, 2006 WL 1094558, at \*1 (N.D. Ind. Mar. 16, 2006). Of course,"[g]eneralized claims of embarrassment do not establish good cause"; rather, "embarrassment must be substantial to rise to the level of good

cause."[1] *Hollinger Int'l, Inc. v. Hollinger Inc*., No. 04 C 698, 2005 WL 3177880, at *3 (N.D. Ill. Jan. 19, 2005).

"[W]hat happens in the federal courts 'is presumptively open to public scrutiny.'" *Smith*, 2005 WL 3215572, at *2 (quoting *In re Krynicki*, 983 F.2d 74, 75 (7th Cir. 1992)); *see Cincinnati Insurance*, 178 F.3d at 945 ("The judge is the primary representative of the public interest in the judicial process . . . ."); *O'Malley v. Vill. of Oak Brook*, No. 07 C 1679, 2008 WL 345607, at *1 (N.D. Ill. Feb. 6, 2008) (explaining that the court "must balance concern about . . . privacy interests against the principle that the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding") (citation and internal quotation marks omitted)). "[M]any litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, but when these things are vital to claims made in litigation they must be revealed." *Baxter Int'l, Inc. v. Abbott Labs*., 297 F.3d 544, 546 (7th Cir. 2002); *Smith*, 2005 WL 3215572, at *1.

Moreover, this is not a case where the proposed order is limited to the discovery phase of proceedings with the parties agreeing to file confidential information under seal only with further leave of Court upon a showing of good cause. *See generally O'Malley*, No. 07 C 1679, 2008 WL 345607, at *2 ("[T]he vast majority of information produced during the discovery process is never used at trial and has no impact whatsoever on the court's decision-making process.").

---

[1] And although complainants may have an expectation of privacy with respect to their identities, any identifying information of these individuals can be adequately protected from public disclosure through redaction. *See, e.g.*, *McGee v. City of Chicago*, No. 04 C 6352, 2005 WL 3215558, at *4 (N.D. Ill. June 23, 2005); *see generally Cincinnati Insurance*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document).

Rather, here the proposed order extends beyond the discovery phase, enabling the parties to file information under seal without further leave of Court. (Proposed Protective Order ¶ 7.)

In addition, the Seventh Circuit Court of Appeals has made it clear that a protective order may only issue if the order "makes explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Cincinnati Insurance*, 178 F.3d at 945. Language permitting an interested member of the public to challenge the secreting of particular documents is missing from the tendered order.

Finally, paragraph 14 of the proposed order provides that it shall continue to be binding after the conclusion of the litigation. However, "[t]he Court is unwilling to enter a protective order that requires the Court to retain jurisdiction of any kind after the resolution of the case." *E.E.O.C. v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

"Obtaining a protective order in an appropriate case need not be a[n] onerous task. But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard v. Humke*, No. IP 01-1103-C-H/K, 2003 WL 1702256, at *2 (S.D. Ind. Mar. 28, 2003).

Of course, the parties may submit a revised protective order consistent with the requirements of Federal Rule of Civil Procedure 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is quite inadequate. For these reasons, the Court hereby DENIES

approval of the proposed agreed protective order submitted by the parties (Docket # 30).

SO ORDERED.

Enter for this 14th day of June, 2011.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge