UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JILL E. WATERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:10-CV-190 |
| | ) |
| TRINE UNIVERSITY, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is a stipulation by the parties seeking approval of a revised proposed protective order pursuant to Federal Rule of Civil Procedure 26(c). (Docket # 32.) As the proposed order is still overly broad, it will be DENIED.

To explain, the proposed order seeks to protect documents in Defendant "Tom Beckner's employee file from Trine University *containing* any of the following: (1) any social security numbers, dates of birth, or financial account numbers; or (2) Tom Beckner's medical condition, credit history, or disciplinary issues unrelated to alleged sexual harassment, sex discrimination, or retaliation." (Revised Proposed Protective Order ¶ 12 (emphasis added).) However, as explained in this Court's June 14, 2011, Order (Docket # 31), an order sealing documents "containing" confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); *McGee v. City of Chicago*, No. 04 C 6352, 2005 WL

3215558, at *3-4 (N.D. Ill. June 23, 2005. Here, the proposed order seeks to seal entire documents rather than incorporating a method of redaction.

Moreover, the parties have not adequately articulated how the disclosure of Defendant Beckner's disciplinary issues unrelated to sexual harassment, sex discrimination, or retaliation "will work a clearly defined and serious injury." *Ezell v. Potter*, No. 2:01 CV 637, 2006 WL 1094558, at *1 (N.D. Ind. Mar. 16, 2006); *see Plair v. E.J. Brach & Sons, Inc*., No. 94 C 244, 1996 WL 67975, at *5 (N.D. Ill. Feb. 15, 1996) (sealing only the non-party employees' disciplinary records). Of course,"[g]eneralized claims of embarrassment do not establish good cause"; rather, "embarrassment must be substantial to rise to the level of good cause." *Hollinger Int'l, Inc. v. Hollinger Inc*., No. 04 C 698, 2005 WL 3177880, at *3 (N.D. Ill. Jan. 19, 2005).

To reiterate, "what happens in the federal courts 'is presumptively open to public scrutiny.'" *Smith v. City of Chicago*, No. 04 C 2710, 2005 WL 3215572, at *2 (N.D. Ill. Oct. 31, 2005) (quoting *In re Krynicki*, 983 F.2d 74, 75 (7th Cir. 1992)); *see Cincinnati Insurance*, 178 F.3d at 945 ("The judge is the primary representative of the public interest in the judicial process . . . ."). The Court "must balance concern about . . . privacy interests against the principle that the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *O'Malley v. Vill. of Oak Brook*, No. 07 C 1679, 2008 WL 345607, at *1 (N.D. Ill. Feb. 6, 2008) (citation and internal quotation marks omitted).

The parties may submit a revised protective order consistent with the requirements of Federal Rule of Civil Procedure 26(c)(7) and Seventh Circuit case law, but what has been

submitted thus far is insufficient. For these reasons, the Court hereby DENIES approval of the revised proposed protective order submitted by the parties (Docket # 32).

SO ORDERED.

Enter for this 18th day of July, 2011.

S/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge